IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CONIKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 22-185 |
| | ) |
| ANDREW HREZO, et al. | ) |
| | ) |
| Defendants. | ) |

### OPINION and ORDER

Michael Coniker, proceeding pro se, commenced this action by requesting leave to proceed in forma pauperis through the filing of an "Application to Proceed in District Court without Prepaying Fees or Costs (Short Form)." ECF No. 1. He attached as his Complaint, a form titled, "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)." ECF No. 1-1. The Complaint purports to allege violations of civil rights under 42 U.S.C. § 1983. The named Defendants are Andrew Hrezo, Andrew Hrezo and Associates, Kyle Joseph Coniker, Rich Fitzgerald Allegheny County Executive [and] his Office, the Allegheny County Manager's Office and its receptionist Marie, and Orlando Harper, Warden, Allegheny County Jail. After reviewing the Complaint and attached Exhibits the Court concludes that Mr. Coniker has not sufficiently stated any claim against any party, therefore this action will be dismissed.

On the two-page form requesting to proceed in forma pauperis, Mr. Coniker states:

> I am slandered with my character assassinated. I am on SSDI [Social Security Disability Insurance] and request "the Americans with Disabilities Act" to appoint someone to help me in a public place where I can audio record what I say.

ECF No. 1, at 1. Mr. Coniker signed the form, but he did not provide any other information. ECF No. 1, at 2.

On the first page of the "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)," Mr. Coniker provides one Defendant's name, Andrew Hrezo and Associates. ECF No. 1-1, at 1. The remainder of the 6-page form has been left blank. ECF No. 1-1, at 1-6. Mr. Coniker, however, identifies additional Defendants on the first page of his attached Exhibit. ECF No. 1-2, at 1. He also includes a handwritten reference that states: "MJC [2022-0201-A1] pagekey4u." ECF No. 1-2, at 1. The second page of the Exhibit is the first page of a letter from Mr. Coniker to Attorney Joseph Hudak. ECF No. 1-2, at 2. The letter states that it is page one of a four-page letter, but only the first page has been provided. The letter begins by referring to events in January 2022. The remainder of the letter, however, concerns events that had occurred in 2002 and 2012. The description of the 2002 and 2012 events does refer to one of the named Defendants, but Mr. Coniker fails to provide any information connecting the letter to the present Complaint.

The third page of the Exhibit is a copy of what appears to be two envelopes, or perhaps an envelope and the back of a check or money order, with various names and websites handwritten on it, and with a handwritten notation, "Federal 1983 Action Civ." ECF No. 1-2, at 3. There are no named Defendants on this page or any averments indicating that a cause of action is being asserted. The fourth page of the Exhibit is a form entitled, "Private Pro Se Civil Rights Package (42. U.S.C. 1983)." ECF No. 1-2, at 4. This page contains no information related to any cause of action. It does contain handwriting, but such does not assist in deciphering the Complaint. There is one handwritten notation, similar to the notation on Exhibit page 1, that states: "2022-201-1616c4closed.now. C4 Now.closed." ECF No. 1-2, at 4. The fifth page is a handwritten page that, among other marks, refers to "2022 – 0-201-1677," without any context. ECF No. 2-1, at 5.

Finally, Mr. Coniker has filed a completed "Consent to Jurisdiction by United States Magistrate Judge." ECF No. 1-3. Mr. Coniker lists Andrew Hrezo and Kyle J. Coniker as Defendants on this form, and states that other defendants are named on a separate page. ECF No. 1-3. He also includes the following statement: "Save Austin v. Coniker and all his younger siblings along with Marie A. Coniker." ECF No. 1-3. It is not clear if Mr. Coniker is naming additional defendants or has listed the aforementioned statement for some other purpose.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). The Court finds Mr. Coniker to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B). In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit. Id. An example of the second is a claim describing a factual scenario which is fantastic or delusional. Id. at 328. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of Plaintiff's Complaint reveals that it fails to state a claim upon which relief can be granted.  To sustain a section 1983 claim, a plaintiff must allege that his constitutional rights were violated by a person acting under color of state law.  Here, Mr. Coniker has not alleged what any Defendant did to violate his constitutional rights.  Mr. Coniker also does not allege that the private individuals named as Defendants were acting under color of state law.  Mr. Coniker has not stated any request for relief.  Therefore, he has failed to state a claim under 28 U.S.C. § 1983 upon which relief can be granted.  Although he asserts in his request to proceed in forma pauperis, that he is "slandered with [his] character assassinated," this statement does not appear in the Complaint, it does not state who harmed him or how, and the allegation is unconnected to his purported section 1983 claim.  Thus, to the extent that Mr. Coniker is asserting a state law claim of slander, such claim is fails to state a claim upon which relief can be granted.  Because the Complaint does not specify the conduct, actions, or incidents on which any other claim against any party is based, the Court finds that Mr. Coniker has failed to state a claim upon which relief can be granted.

Finally, the Court must consider whether to grant leave to amend the complaint before dismissal.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Id.  It is premature to conclude that granting Mr. Coniker leave to amend would be futile.  Mr. Coniker appears to be asserting a claim pursuant to 42 U.S.C. § 1983 against at least one state entity, but he has failed to provide any information to establish that he has a right to relief.  It is possible Mr. Coniker will be able to state a proper section 1983 claim, therefore leave to amend the Complaint will be permitted.

Accordingly, the following order is hereby entered.

## **ORDER**

AND NOW, this 21st day of March 2022, for the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion to Proceed Informa Pauperis is granted. The Clerk of Court shall file Plaintiff's Complaint.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief can be granted. Plaintiff is granted leave to file an amended complaint consistent with this Opinion no later than April 20, 2022. If no amended complaint is filed, this case will be closed.

BY THE COURT:

*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

cc:   Michael Coniker, pro se
      Care Of: Meraky / Forensics Jason
      665 Rodi Road
      Pittsburgh, PA 15235

5